**Hai Li WANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–1013–AG NAC.**

United States Court of Appeals, Second Circuit.

April 4, 2006.

Liu Yu, New York, New York, for Petitioner.

Michael J. Garcia, United States Attorney, Southern District of New York David J. Kennedy, Sara L. Shudofsky, Assistant United States Attorneys, New York, New York, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. THOMAS J. MESKILL, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Hai Li Wang petitions for review of the January 2004 order of the BIA affirming the decision of the immigration judge ("IJ") to deny his application for asylum, withholding of removal and relief under the Convention against Torture ("CAT"). Familiarity with the facts and the procedural history of the case is presumed.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Wang contends that the BIA incorrectly affirmed the IJ's denial of his claim for asylum and that the IJ's adverse credibility determination was not supported by substantial evidence.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005) (Per Curiam); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–83 (2d Cir. 2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 287–88 (2d Cir.2000).

 The IJ erred in finding that Wang's testimony was sparse and lacking detail. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 150–52 & n. 6 (2d Cir.2003). The IJ also engaged in impermissible speculation in doubting whether Wang could return to work the day following a demonstration in Beijing and not be confronted about it. *See Secaida–Rosales*, 331 F.3d at 307, 312. However, the IJ properly found several material inconsistencies between Wang's testimony and the documents Wang submitted in support of his application. First, the affidavit from Wang's father stated that Wang had been detained for three days, instead of seven; Wang merely stated that this was a mistake. Second, Wang's asylum application failed to mention the fact that he had been briefly detained and interrogated on two occasions, a matter which went to the heart of his claim. *See Diallo*, 232 F.3d at 288. Wang explained that he had not

thought these incidents were of enough importance to discuss in the statement, yet he included much discussion about extraneous events relating to his family in the past. Accordingly, any errors in the IJ's adverse credibility determination were harmless because one can confidently predict that, based on the material inconsistencies found, the IJ would reach the same decision were the petition remanded. The adverse credibility determination was thus supported by substantial evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158, 161–62 (2d Cir.2006) (instructing that, in determining whether remand would be futile, court should assess whether, based on the strength and significance of the error-free findings, one can confidently predict that the IJ would adhere to his decision).

The IJ appears to have made an alternative finding that Wang could not meet his burden of proving past persecution or a well-founded fear of future persecution due to the inadequate level of mistreatment he suffered and/or his lack of knowledge about Falun Gong. Any error in this finding, however, was harmless given the propriety of the adverse credibility determination. *See id.* Accordingly, the IJ properly denied Wang's claim for asylum.

Because Wang failed to assert arguments regarding his claims for withholding of removal and relief under CAT, those claims are deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal" (quotation omitted)).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DE-

NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).